UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES REGINALD BARNES,<br><br>    Petitioner,<br><br>    v.<br><br>DOUG WADDINGTON,<br><br>    Respondent. | Case No.  C06-5214FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **November 10, 2006** |

Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center pursuant to a February 23, 2000, convictions for First Degree and Attempted First Degree Theft arising out of Pierce County.  Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 challenging his state convictions. The matter is before the court on Respondent's motion to dismiss (Doc. 14). After a careful review of the record, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as untimely.

DISCUSSION

A one-year period of limitation applies to federal petitions for writ of habeas corpus. The relevant statute states:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

REPORT AND RECOMMENDATION
Page - 1

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one year period of limitation is subject to equitable tolling, thus, the period may be equitably tolled by the court "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288, *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997). The Ninth Circuit commented, "We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Id. at 1289. The Supreme Court recently held, "that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not properly filed, and he is not entitled to statutory tolling under § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 125 S. St. 1807, 1814 (2005).

Here, petitioner was convicted and sentenced by the state trial court on or about February 29, 2000. Mr. Barnes immediately appealed this conviction and the direct appeal process ended on April 1, 2003, when the State Supreme Court issued its decision denying review. The State Court of Appeals entered its mandate on April 30, 2003. Petitioner also filed several collateral challenge to his sentence and convictions in the state courts. The first round of the state court collateral challenges ended on or about February 20, 2004, when the State Supreme Court denied review of Mr. Barnes' Personal Restraint Petition. Mr. Barnes' subsequent attempt to challenge his convictions and sentences was time barred by the State Court of Appeals, which was affirmed by the Washington State Supreme Court.

Giving Mr. Barnes the benefit of any doubt, the federal one-year period of limitation started to run on April 26, 2004, when the Washington Court of Appeals entered a certificate of finality, following the

State Supreme Court's refusal to review his Personal Restraint Petition. Unless tolled for a legitimate reason, the one year period expired one year later, or on or about May 1, 2005. The court finds no reason to toll the period of limitations beyond this date. Mr. Barnes filed subsequent state court proceedings, but they were properly time barred by the state courts and thus were not properly filed and cannot constitute a basis for tolling the federal one-year period of limitation. Mr. Barnes did not file his writ of habeas corpus with this court until April 18, 2006, well after the one-year time limit had expired.

## CONCLUSION

Petitioner did not timely filed his petition for writ of habeas corpus. Respondent's motion to dismiss the petition should be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 10, 2006**, as noted in the caption.

DATED this 20th day of October, 2006.

>   */s/ J. Kelley Arnold*
>   J. Kelley Arnold
>   United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3